UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

JARROD JOSEPH MILLER,

    Petitioner,

vs.

STU SHERMAN,

    Respondent.

No. C 15-5226 NJV (PR)

**ORDER FOR RESPONDENT TO SHOW CAUSE**

Petitioner, a state prisoner, filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner was convicted in Sonoma County, which is in this district, so venue is proper here. *See* 28 U.S.C. § 2241(d). Petitioner has also applied for leave to proceed in forma pauperis and consented to the jurisdiction of a Magistrate Judge.

## BACKGROUND

In February 2012, a jury found petitioner guilty of first degree murder and burglary. *People v. Miller*, 231 Cal. App. 4th 1301, 1304-05 (2014). He was sentenced to fifty years to life in prison. *Id.* His direct appeal was denied as were several state habeas petitions.

## DISCUSSION

**A.    Standard of Review**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). Habeas corpus petitions must meet heightened pleading requirements. *McFarland v. Scott,* 512 U.S. 849, 856 (1994). An application for a federal writ of habeas corpus filed by a prisoner who is in state custody

pursuant to a judgment of a state court must "specify all the grounds for relief available to the petitioner ... [and] state the facts supporting each ground." Rule 2(c) of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254. "'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'" Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)).

**B.     Legal Claims**

As grounds for federal habeas relief, petitioner asserts that: (1) he received ineffective assistance from appellate counsel; (2) he received ineffective assistance from trial counsel; (3) a police officer used a nontestimonial statement made in a 911 call to detain petitioner; (4) the police officer did not have reasonable suspicion to stop petitioner's vehicle; (5) the vehicle stop was unjustified; (6) there was a *Brady* violation; (7) there was unreliable expert testimony; (8) his conviction resulted from false evidence; (9) a police officer unreasonably prolonged the traffic stop; (10) a police officer conducted an impermissible frisk during the stop; (11) there was an illegal search of petitioner's pockets; (12) a police officer questioned petitioner while in custody without probably cause; (13) his conviction resulted from a detention that was not supported by probable cause; (14) his car was searched without a warrant; (15) there was a warrantless container search; (16) seized evidence was not admissible through inevitable discovery doctrine; (17) a statement taken by police in violation of *Miranda*; (18) petitioner's arrest was illegal; (19) there was a warrantless entry into petitioner's home; and (20) cumulative error.

Claims 3-5, 9-11, 13-16, and 18-19 concern the Fourth amendment and petitioner's arrest. *Stone v. Powell*, 428 U.S. 465, 481-82, 494 (1976), bars federal habeas review of Fourth Amendment claims unless the state did not provide an opportunity for full and fair litigation of those claims. Even if the state courts' determination of the Fourth Amendment issues is improper, it will not be remedied in federal habeas corpus actions so long as the petitioner was provided a full and fair opportunity to litigate the issue. *See Locks v. Sumner*, 703 F.2d 403, 408 (9th Cir. 1983). All *Stone v. Powell* requires is the initial

opportunity for a fair hearing. Such an opportunity for a fair hearing forecloses this court's inquiry upon habeas petition into the trial court's subsequent course of action, including whether or not the trial court made any express findings of fact. *See Caldwell v. Cupp*, 781 F.2d 714, 715 (9th Cir. 1986). The existence of a state procedure allowing an opportunity for full and fair litigation of Fourth Amendment claims, rather than a defendant's actual use of those procedures, bars federal habeas consideration of those claims. *See Newman v. Wengler*, No. 13-36185, slip op. at 9 (9th Cir. June 16, 2015); *Gordon v. Duran*, 895 F.2d 610, 613-14 (9th Cir. 1990) (whether or not defendant litigated 4th Amendment claim in state court is irrelevant if he had opportunity to do so under California law). California provides criminal defendants with such a full and fair opportunity through the procedures of California Penal Code section 1538.5, which permits defendants to move to suppress evidence on the ground that it was obtained in violation of the Fourth Amendment. *Gordon v. Duran*, 895 F.2d 610, 613–14 (9th Cir. 1990); *see also Locks v. Sumner*, 703 F.2d 403, 408 (9th Cir. 1983).

Further, a claim that a conviction is invalid on the basis that the petitioner's arrest was illegal, also is not cognizable. *United States v. Crews*, 445 U.S. 463, 474 (1980) ("An illegal arrest without more, has never been viewed as a bar to subsequent prosecution, nor as a defense to a valid conviction"); *See also United States v. Mechanik*, 475 U.S. 66, 67 (1986) ("jury's verdict of guilty beyond a reasonable doubt demonstrates a fortiori that there was probable cause to charge the defendants with the offenses for which they were convicted" despite violation of Fed.R.Crim.P. 6(d) in grand jury proceedings); *Myers v. Rhay*, 577 F.2d 504, 507 (9th Cir.1978) ("It is well settled that illegal arrest or detention of a suspect does not void a subsequent conviction. The proper time to challenge the probable cause underlying an arrest is prior to the prosecution of the case, while the illegal detention is in progress") (citations omitted).

Claims 3-5, 9-11, 13-16, and 18-19 are dismissed from the petition because they involve the Fourth Amendment and petitioner's arrest.[1]  In claim 12, petitioner states a statement was taken without probable cause and in claim 17 he argues a statement was taken in violation of *Miranda*.  Claim 12 regarding lack of probable cause is dismissed, however claim 17 regarding a *Miranda* violation is sufficient to proceed.  *Withrow v. Williams*, 507 U.S. 680, 686-95 (1993).

Claims 3-5, 9-12, 13-16, and 18-19 are dismissed.  Liberally construed, claims 1, 2, 6, 7, 8, 17, and 20 are sufficient to require a response.

Petitioner has also requested the appointment of counsel.  The Sixth Amendment's right to counsel does not apply in habeas corpus actions.  *Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir. 1986).  However, 18 U.S.C. § 3006A(a)(2)(B) provides that in habeas cases, whenever "the court determines that the interests of justice so require", representation may be provided for any financially eligible person.  Petitioner has presented his claims adequately, and they is not particularly complex.  The interests of justice do not require appointment of counsel.

## CONCLUSION

1. Petitioner's motion to proceed in forma pauperis (Docket No. 3) is **GRANTED**.

2. The motion to appoint counsel (Docket No. 4) is **DENIED**.

3. Claims 3-5, 9-12, 13-16, and 18-19 are dismissed.  Liberally construed, claims 1, 2, 6, 7, 8, 17, and 20 are sufficient to require a response. The clerk shall serve by regular mail a copy of this order, the petition and all attachments thereto and a Magistrate Judge jurisdiction consent form on respondent and respondent's attorney, the Attorney General of the State of California.  The clerk also shall serve a copy of this order on petitioner.

4. Respondent shall file with the court and serve on petitioner, within fifty-six (56) days of the issuance of this order, an answer conforming in all respects to Rule 5 of the

---

[1] Claims 1 and 2 involve the ineffective assistance of counsel with respect to the Fourth Amendment violations and may proceed.  Sixth Amendment claims based on incompetent representation by counsel with respect to Fourth Amendment issues may be the basis for a habeas action and are not barred by *Stone v. Powell.  See Kimmelman v. Morrison*, 477 U.S. 365, 373-83 (1986).

4

Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within twenty-eight (28) days of his receipt of the answer.

5. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, it is due fifty-six (56) days from the date this order is entered. If a motion is filed, petitioner shall file with the court and serve on respondent an opposition or statement of non-opposition within twenty-eight (28) days of receipt of the motion, and respondent shall file with the court and serve on petitioner a reply within fourteen (14) days of receipt of any opposition.

6. Petitioner is reminded that all communications with the court must be served on respondent by mailing a true copy of the document to respondent's counsel. Petitioner must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). *See Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

**IT IS SO ORDERED.**

Dated: February 18, 2016.

NANDOR J. VADAS
United States Magistrate Judge